UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEN WANG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>DEFENSE TAX GROUP INC.; and DOES 1 to 100,<br><br>        Defendants. | Case No.: CV 20-01193-CJC (MRWx)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [Dkt. 17]** |

## I. INTRODUCTION & BACKGROUND

In this putative class action, Plaintiff Chen Wang claims that Defendant Defense Tax Group Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* by sending "unsolicited, autodialed SMS or MMS text messages, en masse, to Plaintiff's cellular device and the cellular devices of numerous other individuals across the country." (Dkt. 1-1 [hereinafter "Compl."] ¶ 1.) Over the past year, Defendant

allegedly sent Plaintiff "numerous" text messages advertising tax preparation services without her consent.  (Compl. ¶ 16.)  The messages, which were sent using an automatic telephone dialing system from phone number 665-99, looked like this:




"Plaintiff became distracted and aggravated as a result of receiving Defendants' unsolicited text messages."  (*Id.* ¶¶ 19–22.)

Defendant did not respond to the Complaint, and the Clerk entered default.  (Dkt. 15.)  Plaintiff now asks the Court to certify a class so that she can seek default judgment on behalf of herself and the class.  (Dkt. 17-2 [Memorandum in Support of Motion for Class Certification, hereinafter "Mot"] at 7.)  Specifically, Plaintiff seeks to certify the following class:

> All persons within the United States to whom, between February 6, 2016 and the present, one or more text message(s) promoting Defendants' goods or services was sent using an automatic telephone dialing system by Defendant or an affiliate, subsidiary, or agent of Defendant, and who did not provide Defendant prior express written consent to be sent such text message(s).

(Compl. ¶ 27.)

For the following reasons, Plaintiff's motion for class certification is **DENIED WITHOUT PREJUDICE**.[1]

**II.  ANALYSIS**

Under Federal Rule of Civil Procedure 23, district courts have broad discretion to determine whether a class should be certified.  *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001).  Plaintiff argues that even after a defendant defaults, a court may certify a class based on the allegations in the complaint.  (Mot. at 6.)  In support of her contention that class certification is appropriate after default, Plaintiff cites cases from the Third, Fourth, and Seventh Circuits, and district court cases from the District of Delaware, the Middle District of Florida, the Middle District of Georgia, the Northern District of Ohio, and the Southern District of New York.  (*Id.* at 10–12.)  Plaintiff does not point the Court to a single case where a court in this Circuit has granted class certification after a defendant defaulted.

Even if Plaintiff had provided such authority, the Court is not persuaded that the allegations in Plaintiff's Complaint are sufficient to grant class certification here.  After default, the Court accepts as true the well-pleaded factual allegations in the Complaint, except those relating to the amount of damages.  *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).  However, Rule 23 is not merely a pleading standard—a party seeking class certification must affirmatively demonstrate compliance with the Rule by proving the requirements in fact.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 18, 2020, at 1:30 p.m. is hereby vacated and off calendar.

The first requirement of Rule 23 is that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In support of her contention that this requirement is met, Plaintiff alleges that "[t]he number of persons within the Class is substantial, believed to amount to thousands of persons dispersed throughout the United States." (Compl. ¶ 34.) But "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes*, 564 U.S. at 350–51. Plaintiff need not "establish the precise number of class members," *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, 2013 WL 5789237, at *3 (C.D. Cal. Oct. 25, 2013), but she "must be prepared to prove that there are *in fact* sufficiently numerous parties." *See Dukes*, 564 U.S. at 350. This means that, before the Court can certify a class, it needs some facts to support the number of class members.

For example, in one of the cases Plaintiff cites where a court granted class certification after default, the court concluded the numerosity requirement was met because the plaintiff's allegations related to a fee required to board Defendant's planes, Defendant operated hundreds of commercial flights in and out of the relevant airport, and the fee was in place for several years. *See Saade v. Insel Air*, 2019 WL 2255580, at *3 (S.D. Fla. Apr. 4, 2019). In contrast, here Plaintiff has alleged no facts that support her speculation that she "believe[s]" there are "thousands" of class members "throughout the United States." (Compl. ¶ 34.) Consequently, the Court has no way of knowing whether thousands of people received text messages like Plaintiff did, or ten. Under these circumstances, the Court cannot conduct a "rigorous analysis" to be "satisfied" that Rule 23's requirements have been met. *See Dukes*, 564 U.S. at 351. Accordingly, Plaintiff's motion for class certification is **DENIED WITHOUT PREJUDICE**.

Plaintiff also asks that the Court grant her leave to take discovery to identify members of the class and determine the amount of damages before entry of final judgment. (Mot. at 24.) To the extent Plaintiff needs leave to take discovery, her request

is **GRANTED.** If Plaintiff is able to ascertain, through discovery or otherwise, facts supporting her contention that the requirements of Rule 23 are met, she may file the appropriate motion. Alternatively, Plaintiff may seek default judgment on behalf of herself.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification is **DENIED WITHOUT PREJUDICE**. Plaintiff's request for leave to take discovery is **GRANTED**. Plaintiff must file any subsequent motion for class certification by July 13, 2020. Failure to file a motion by that date will result in dismissal of Plaintiff's class claims.

DATED:     May 12, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE