FILED
CLERK, U.S. DISTRICT COURT
10/8/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEN WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEFENSE TAX GROUP INC. and DOES 1 to 100,<br><br>Defendants. | Case No.: CV 20-01193-CJC (MRWx)<br><br>ORDER GRANTING IN SUBSTANTIAL PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. 22] |

**I. INTRODUCTION & BACKGROUND**

In this case, Plaintiff Chen Wang claims that Defendant Defense Tax Group Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by sending Plaintiff text messages advertising tax preparation services without her consent. (Dkt. 1-1 [hereinafter "Compl."] ¶¶ 1, 16.) The messages, sent using an automatic telephone dialing system from phone number 665-99, looked like this:

 

(*Id*.) "Plaintiff became distracted and aggravated as a result of receiving Defendants' unsolicited text messages." (*Id.* ¶¶ 19–22.)

Defendant did not respond to the Complaint, and the Clerk entered default. (Dkt. 15.) After the Court denied her motions for class certification (Dkts. 18, 21), Plaintiff filed this motion for default judgment against Defendant on behalf of herself alone. (Dkt. 22 [Motion, hereinafter "Mot."].) For the following reasons, Plaintiff's motion for default judgment is **GRANTED IN SUBSTANTIAL PART**.[1]

## II. ANALYSIS

In determining whether granting default judgment is appropriate, the Court examines (1) its jurisdiction, (2) the procedural requirements for default judgment, (3) the merits of Plaintiffs' motion for default judgment, and (4) the relief sought.

//
//

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 26, 2020, at 1:30 p.m. is hereby vacated and off calendar.

### A. Jurisdiction and Service of Process

In considering whether to enter default judgment, a court must first determine whether it has jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has federal question jurisdiction over Plaintiff's TCPA claims. *See* 28 U.S.C. § 1331. Courts must also determine whether there was sufficient service of process on the parties against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Here, there has been adequate service of process pursuant to Federal Rule of Civil Procedure 4(e)(1) as Defendant was served by substituted service in compliance with California law. *See* California Code of Civil Procedure §§ 415.20(a), 415.20(b); (Dkt. 13 [Amended Proof of Service]; Dkt. 22 [Declaration of Michael R. Parker, hereinafter "Parker Decl." ¶¶ 2, 4].)

### B. Procedural Requirements for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) and the Central District of California's Local Rule 55-1 require that applications for default judgment set forth "(1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris USA Mc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). These requirements have been satisfied here: (1) the clerk entered default against Defendant on April 6, 2020, (Dkt. 15); (2) default was entered as to the Complaint; (3) Defendant is not an infant or an incompetent person, (Parker Decl. ¶ 8); and (4) the Soldiers' and Sailors' Relief Act of 1940 does not apply, (*id.*). The fifth requirement, notice of the application, is not required because Defendant failed to appear in this action. Fed. R. Civ. P. 55(b)(2).

### C. Merits of the Motion for Default Judgment

After entry of default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(a)–(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising their discretion, courts consider the following factors articulated in *Eitel v. McCool*, 782 F.2d 1470, (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. Because default has been entered in this case, the Court accepts as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Here, the *Eitel* factors weigh in favor of a default judgment.

#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor weighs in Plaintiff's favor because without a default judgment, she would lack any other recourse for recovery since Defendant has failed to appear or to defend this suit. *See Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").

### 2. & 3. The Merits of the Claim and the Sufficiency of the Complaint

Even where default is entered, courts must still determine whether the facts alleged give rise to a cognizable cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Accordingly, the second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which [the plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

The elements of a TCPA claim are: (1) the defendant called or text messaged a cell phone number (2) using an automatic telephone dialing system ("ATDS") (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 876 (9th Cir. 2014) (confirming that the TCPA applies to text messages, *aff'd,* 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016). Plaintiff's allegations, taken as true, establish that Defendant sent her multiple text messages using an ATDS without her prior express consent. (Compl. ¶ 16.) Plaintiff therefore sufficiently alleges that Defendant violated the TCPA, and the second and third *Eitel* factors weigh in favor of entry of default judgment.

### 4. The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of [Defendant's] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Here, Plaintiff seeks $9,000 in statutory

damages, plus attorney fees. Given this low sum, the Court finds this factor weighs in favor of default.

## 5. & 6. The Possibility of a Dispute Concerning Material Facts and Whether the Default was Due to Excusable Neglect

The fifth and sixth *Eitel* factors require the Court to determine whether it is likely that there would be a dispute as to material facts and whether Defendant's failure to litigate is due to excusable neglect. Where a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is low. *See Landstar Ranger, Inc. v. Parth Entm't, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). There is also no indication that Defendant's default was due to excusable neglect, because Defendant failed to appear altogether despite being served with the Complaint. *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect."). Given that Plaintiff's factual allegations are taken as true, and that Defendant has failed to oppose Plaintiff's motion, the Court is not aware of any factual disputes that would preclude the entry of default judgment. Accordingly, both of these *Eitel* factors weigh in favor of default.

## 7. The Public Policy Favoring Decisions on the Merits

Because public policy favors resolution of cases on the merits, this factor always weighs against granting a motion for default judgment. "The mere enactment of Rule 55(b), however, indicates that 'this preference, standing alone, is not dispositive.'" *Prinko Image Co.*, 2018 WL 6264988, at *3 (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177). Indeed, Defendant's choice not to defend itself renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. Because none of

the other factors weigh against default judgment, the policy favoring resolution on the merits does not prevent the Court from granting default judgment in this case.

### 8. Conclusion

For the foregoing reasons, the Court finds that the *Eitel* factors favor granting Plaintiff's motion for default judgment. Default judgment will be entered against Defendant on Plaintiff's TCPA claim.

### D. Relief Sought

Once a court concludes that default judgment is appropriate, it must determine what relief is warranted. A plaintiff carries the burden of proving his requests for relief. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Here, Plaintiff seeks (1) injunctive relief, (2) statutory damages, and (3) attorney fees. (Parker Decl. ¶¶ 9–11.)

#### 1. Injunction

Injunctive relief is available under the TCPA. 47 U.S.C. §§ 227(b)(3)(A), 227(c)(5)(A). Because the TCPA authorizes such relief, the ordinary requirement that a plaintiff show irreparable injury to obtain an injunction does not apply. *j2 Global Communications, Inc. v. Blue Jay Inc.*, 2009 WL 4572726 (N.D. Cal. Dec. 1, 2009) (citing *United States v. Laerdal Mfg. Co.*, 73 F.3d 852, 855 (9th Cir. 1995) ("[A] statutory injunction may be imposed when a violation of a statute has been or is about to be committed")). Here, Plaintiff establishes several TCPA violations and declares that she has received additional messages from Defendant since she filed suit. (Dkt. 22-1 [Declaration of Chen Wang] ¶ 4, Ex. A.) Accordingly, the Court will grant injunctive

relief. *See, e.g.*, *Drew v. Lexington Consumer Advocacy*, 2016 WL 9185292, at *11 (N.D. Cal. Aug. 11, 2016), *report and recommendation adopted sub nom. Drew v. Lexington Consumer Advocacy, LLC*, 2016 WL 9223901 (N.D. Cal. Sept. 2, 2016) (granting injunction on TCPA claim at default judgment).

### 2. Statutory Damages

Next, Plaintiff seeks statutory damages. The TCPA provides for statutory damages of up to $500 for each violation of the TCPA. 47 U.S.C. §§ 227(b)(3)(B), (c)(5)(B). Plaintiff also seeks treble damages under Section 227(b)(3), alleging that the texts she received were sent willfully or knowingly. (Parker Decl. ¶ 14; Compl. ¶ 46.)

A court may award treble damages if it "finds that the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3), (c)(5). Here, Plaintiff alleges that she received 6 unsolicited text messages from Defendant: 5 before she served Defendant with her Complaint and 1 after she served Defendant with the Complaint. (Wang Decl. ¶ 4.) The Court finds that the text messages sent after Plaintiff served Defendant with her Complaint were sent willfully or knowingly. *See, e.g.*, *Andrews v. All Green Carpet & Floor Cleaning Serv.*, 2015 WL 3649585, at *6 (C.D. Cal. June 11, 2015) (concluding that awarding treble damages on TCPA claim at default judgment was appropriate because the evidence showed that the defendant "blatantly failed to both adhere to [the plaintiff's] request to no longer be called); *Trindade v. Reach Media Grp., LLC,* 2014 WL 3572132, at *5 (N.D. Cal. July 18, 2014) (awarded treble damages for TCPA violations on default judgment because the record reflected that the defendant knew text messages were being sent on its behalf).

Accordingly, the Court will award $500 in statutory damages for each of the 5 text messages sent before Plaintiff served her Complaint, and $1,500 for the text message sent

after Plaintiff served her Complaint, for a total of $4,000. The Court finds that this amount is sufficient to both compensate Plaintiff for the unwanted messages she received from Defendant and to deter Defendant from engaging in such behavior in the future.

### 3. Attorney Fees

Finally, Plaintiff seeks $20,000 in attorney fees. Counsel seeks "the usual and customary hourly rate of $500" for the "estimated 40 total hours" he spent on this matter. However, neither Plaintiff nor her attorney provides sufficient evidence—such as the attorney's experience of specialization, the hourly rates awarded in similar cases, or the tasks performed—to support the reasonableness of that amount. The Court simply does not have enough to assess whether the fees requested are reasonable.

However, Local Rule 55-3 includes a schedule of fees that can be used to calculate an appropriate award in default judgment proceedings. Under that rule, the amount of attorney fees that a plaintiff may recover from a default judgment hinges on the amount of judgment awarded to the plaintiff. When the amount of judgment is between $1,000.01 and $10,000, courts award attorney fees in the amount of $300 plus 10% of the amount over $1,000. Accordingly, the Court will award Plaintiff $800 in attorney fees.

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is **GRANTED IN SUBSTANTIAL PART**. The Court will enter judgment.

DATED: October 8, 2020

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE